GREGORY S. GILCHRIST (Cal. Bar No. 111536)
AMY SHAHAN PARIGI (Cal. Bar No. 261948)
SOPHY J. TABANDEH (Cal. Bar No. 287583)
VERSO LAW GROUP LLP
565 Commercial Street, Fourth Floor
San Francisco, California 94111
Telephone: (415) 534-0495
Facsimile: (415) 518-5974
Email:   greg.gilchrist@versolaw.com
         amy.parigi@versolaw.com
         sophy.tabandeh@versolaw.com

Attorneys for Plaintiff
HYDRAFACIAL LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYDRAFACIAL LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>JULIE LYNN PAVLIS dba JULIE LYNN SKIN, an individual;<br><br>Defendant. | Case No. 25-cv-10868<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (INJUNCTIVE RELIEF SOUGHT)**<br><br>**JURY TRIAL DEMAND** |

This action is necessary to stop Defendant Julie Lynn Pavlis dba Julie Lynn Skin ("Pavlis") from infringing and trading on Plaintiff Hydrafacial LLC's ("Hydrafacial") valuable trademarks and goodwill. Hydrafacial complains against Pavlis as follows:

**JURISDICTION AND VENUE**

1. Plaintiff Hydrafacial's claims arise under the Trademark Act of 1946 (the Lanham Act). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (Lanham Act). This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

2. This Court has personal jurisdiction over Pavlis because Pavlis, a state licensed cosmetologist (License No: 95010), owns and operates her spa, Julie Lynn Skin, in this judicial district. This lawsuit arises out of Palvis's activities in connection with her spa. Pavlis has purposefully availed herself of the privilege of doing business in this district and targets consumers residing in this district.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Pavlis maintains a business address in this district, transacts business in this district, and because a substantial part of the events giving rise to the claims asserted arose in this district.

## PARTIES

4. Hydrafacial is a California limited liability company with its principal place of business at 2165 E. Spring Street, Long Beach, CA 90806.

5. Pavlis is an esthetician who owns and operates a spa, Julie Lynn Skin, located at 638 Camino De Los Mares, San Clemente, CA 92673. Pavlis offers, promotes, and sells services to customers in this judicial district using Hydrafacial's well-known HYDRAFACIAL mark without authorization.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

### Hydrafacial's Business and "Hydrafacial" Trademarks

6. Hydrafacial distinguishes and identifies its hydradermabrasion equipment and services, and related products with its HYDRAFACIAL trademarks. It does business under its "The Hydrafacial Company" and "Hydrafacial" tradenames. For many years prior to the events giving rise to this Complaint and continuing to the present, Hydrafacial has spent great amounts of time, money, and effort advertising and promoting its products and services under its Hydrafacial trademarks. Hydrafacial's hydradermabrasion equipment and serums are offered and sold all over the world, including throughout the United States and in California, all under its HYDRAFACIAL trademarks. Hydrafacial license authorized providers, that own Hydrafacial equipment, use Hydrafacial products and serums, and operate under and in compliance with license

agreements to provide Hydrafacial hydradermabrasion services to the general public. Through its investments and large sales, Hydrafacial has created considerable goodwill and a reputation for high-quality products, methods, and technology offered under the HYDRAFACIAL trademarks.

7. Hydrafacial owns federal registrations for its HYDRAFACIAL marks; all are in full force and effect, valid, protectable, and exclusively owned by Hydrafacial. Hydrafacial continuously has used each of its pertinent trademarks, from the registration date or earlier, until the present and during all time periods relevant to Hydrafacial's claims.

8. Hydrafacial owns, among others, the following United States Registrations for its trademarks. Some of these registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

   a. Registration No. 4,317,059 for HYDRAFACIAL (first use August 12, 2005; registered April 9, 2013);

   b. Registration No. 4,738,970 for HYDRAFACIAL (first use May 17, 2005; registered May 19, 2015);

   c. Registration No. 7025610 for hydrafacial. (first use April 10, 2022; registered April 11, 2023);

   d. Registration No. 3,341,027 for HYDRAFACIAL MD (first use February 15, 2005; registered May 19, 2015);

   e. Registration No. 4,738,971 for HYDRAFACIAL MD (first use May 17, 2005; registered May 19, 2015);

   f. Registration No. 5,012,576 for HYDRAFACIAL MD CTGF (first use February 6, 2005; registered August 2, 2016); and

   g. Registration No. 6,080,194 for HYDRAFACIAL KERAVIVE (first use January 6, 2020; registered June 16, 2020).

9. Hydrafacial's registered trademarks, together with its related common law

trademarks, cover many goods and services, including medical spa services; medicated and non-medicated skin care preparations, such as skin lotions, skin nourishers, and skin cleansers; devices to perform microdermabrasion and hydradermabrasion procedures; retail and wholesale store services featuring cosmetic preparations for skin and scalp care; teaching of beauty skills (collectively referred to as "HYDRAFACIAL Marks").

10. Examples of Hydrafacial's use of its HYDRAFACIAL Marks are attached as **Exhibit A**.

11. Hydrafacial also owns patented technologies, methods, and machines for treating the skin. These include United States Patent Nos. 6641591, 7678120, 7789886, 8066716, 8337513, and 9468464, among others.

12. Hydrafacial sells its proprietary skincare treatment equipment to spas, dermatology clinics, and other professional providers. The devices are designed for use exclusively with Hydrafacial's single-use treatment tips and proprietary serums, which must be purchased directly from Hydrafacial. Hydrafacial sells its tips and serums through a proprietary online purchasing portal that is accessible only to authorized parties. This allows Hydrafacial the ability to maintain and ensure high-quality services.

13. Hydrafacial grants purchasers of its patented skincare treatment devices a license to use the HYDRAFACIAL Marks to sell and promote skincare services performed using Hydrafacial's proprietary equipment. Hydrafacial requires that each licensee meet and maintain its high standards for quality of services, methods, products, and practices and requires that each licensee use exclusively Hydrafacial tips and serums.

14. Hydrafacial also grants licenses to parties who purchase second-hand Hydrafacial devices to use the HYDRAFACIAL Marks in connection with selling and promoting skincare services.

15. In such cases, Hydrafacial (1) inspects and recertifies the used device, (2)

provides the second-hand buyer the same training it provides to purchasers of new devices, and (3) requires the second-hand buyer to obtain and comply with the terms of the license, including using exclusively Hydrafacial tips and serums and paying a licensing fee.

16. The licenses Hydrafacial grants to purchasers of new and used Hydrafacial devices are personal to the licensees and are not transferable, i.e., a license is connected to a user, not a machine. Subsequent second-hand purchasers must obtain their own licenses directly from Hydrafacial to use the HYDRAFACIAL Marks.

17. Spas, dermatology clinics, and other professional providers, as well as their clients, recognize and rely on the HYDRAFACIAL brand to guarantee high standards and quality.

**Pavlis's Illegal Acts**

18. Pavlis, a former employee of Hydrafacial, now operates her own spa, Julie Lynn Skin.

19. In the context of her employment with Hydrafacial, Pavlis was made aware of Hydrafacial's licensing requirements for providers of HYDRAFACIAL-branded services.

20. Beginning at some time after her employment with Hydrafacial ended and continuing until the present, Pavlis has used the HYDRAFACIAL Marks, without authorization, to promote, offer, and sell spa services.

21. Pavlis is not a Hydrafacial licensee and Hydrafacial has not granted Pavlis permission to use the HYDRAFACIAL Marks.

22. In competition with Hydrafacial's authorized licensees, Pavlis offers and promotes hydradermabrasion services and related products under the name "Hydrafacial" and Hydrafacial's logo ("Unauthorized Hydrafacial Designation"). Pavlis's Unauthorized Hydrafacial Designation is identical to Hydrafacial's HYDRAFACIAL Marks. Likewise, the services that Pavlis offers under the Unauthorized Hydrafacial Designation are identical to those Hydrafacial provides under

1  its HYDRAFACIAL Marks.  Palvis's use of an identical mark on overlapping services
2  is likely to confuse consumers about the source of Pavlis's services and products and/or
3  about a relationship between Pavlis and Hydrafacial.
4        23.    On or around July 2025, Hydrafacial learned that Pavlis had published a
5  print advertisement in a monthly magazine, Talega Life Magazine, prominently
6  displaying the Unauthorized Hydrafacial Designation, including the Hydrafacial logo.w



16  A copy of the July 2025 ad is shown above and attached as **Exhibit B.**
17        24.    Hydrafacial also discovered that Pavlis created and published other
18  advertisements and listings promoting her spa services prominently featuring the
19  Unauthorized Hydrafacial Designation.  Those advertisements and listings were
20  published on her website, social media, appointment booking platform, and in print.
21  Examples are shown below:




25. Upon discovering Pavlis's infringing actions, Hydrafacial sent a cease-and-desist letter to Pavlis demanding she cease all use of the Unauthorized Hydrafacial Designation.

26. Pavlis failed to cease all use of the Unauthorized Hydrafacial Designation. Between July and October of 2025, Hydrafacial sent Pavlis numerous letters and emails addressing her continued, unauthorized use of the Unauthorized Hydrafacial Designation.

27. On or around October 2025, Hydrafacial learned that Pavlis published a second print ad in Talega Life Magazine, prominently displaying the Unauthorized Hydrafacial Designation, including the Hydrafacial logo. A copy of the October 2025 ad is shown below and attached as **Exhibit B**.



28. Hydrafacial emailed Pavlis to address its continued concerns regarding Pavlis's ongoing infringement. Pavlis failed to respond.

29. On or around November 3, 2025, Hydrafacial learned that Pavlis was expanding her infringing use and published a third advertisement in Talega Life Magazine displaying the Unauthorized Hydrafacial Designation, including the Hydrafacial logo. Unlike the prior two ads, this advertisement is enlarged to include an

entire dedicated page featuring an article written by Pavlis promoting her spa services, touting her experience working with Hydrafacial's devices, and claiming that she "specializes in HydraFacial" services. The November 2025 ad also prominently displays the Unauthorized Hydrafacial Designation, including the Hydrafacial logo, as shown below. A copy of the November 2025 ad is shown below and attached as **Exhibit B.**



30. As of the date of this Complaint, Pavlis is also continuing to use the HYDRAFACIAL Marks in connection with offering spa services. Examples of such use are shown below:

//
//
//
//
//





31.     Given the parties' prior correspondence, coupled with Pavlis's knowledge of Hydrafacial's trademark licensing requirements as a former employee, there is no question that Pavlis has acted deliberately and with intent to misappropriate Hydrafacial's goodwill and reputation in the HYDRAFACIAL Marks.

32.     Hydrafacial is informed and believes that Pavlis has provided a large quantity of facial services under Pavlis's Unauthorized Hydrafacial Designation and has obtained and continues to obtain substantial profits from these sales.

33. Pavlis's actions have caused and will cause Hydrafacial irreparable harm for which money damages and other remedies are inadequate. Unless Pavlis is restrained by this Court, she will continue and/or expand her illegal activities and otherwise continue to cause great and irreparable damage and injury to Hydrafacial by, among other things:

    a. Depriving Hydrafacial of its rights to use and control use of its trademarks;

    b. Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing services and products;

    c. Causing the public falsely to associate Hydrafacial with Pavlis and/or its products, or services, or vice versa;

    d. Causing incalculable and irreparable damage to Hydrafacial's goodwill, and eroding the capacity of its HYDRAFACIAL Marks to differentiate Hydrafacial's methods, products, and services from others;

    e. Causing Hydrafacial to lose revenue; and

    f. Causing Hydrafacial to lose sales of its genuine products and services.

34. Accordingly, in addition to other relief sought, Hydrafacial is entitled to injunctive relief against Pavlis, her affiliates, licensees, subsidiaries, and all persons acting in concert with her.

## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT
**(15 U.S.C. §§ 1114-1117; Lanham Act § 32)**

35. Hydrafacial realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 34 of this Complaint.

36. Hydrafacial owns registered rights in its HYDRAFACIAL Marks.

37. Without Hydrafacial's consent, Pavlis has used terms that infringe upon Hydrafacial's registered HYDRAFACIAL Marks in connection with the sale, offering for sale, distribution, and/or advertising of her products and services.

38. These acts of trademark infringement are likely to cause, contribute to, or induce others to cause confusion, mistake, or deception, cause harm to Hydrafacial and consumers, and are in violation of 15 U.S.C. § 1114.

39. As a direct and proximate result of Pavlis's infringing activities, Hydrafacial is entitled to recover Pavlis's unlawful profits and Hydrafacial's substantial damages under 15 U.S.C. 1117(a).

40. Pavlis's infringement of the HYDRAFACIAL Marks is an exceptional case and is willful and ongoing, entitling Hydrafacial to treble the amount of its damages and Pavlis's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

41. Hydrafacial is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## SECOND CLAIM
## FEDERAL UNFAIR COMPETITION
**(False Designation of Origin and False Description)**
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

42. Hydrafacial realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 34 of this Complaint.

43. Pavlis's use of marks identical to Hydrafacial's HYDRAFACIAL Marks in connection with offering services that overlap with services provided by Hydrafacial tends falsely to describe her products and services within the meaning of 15 U.S.C. § 1125(a)(1). Pavlis's conduct is likely to cause, contribute to, or induce others to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of Pavlis's products and services to the detriment of Hydrafacial and consumers and in violation of 15 U.S.C. § 1125(a)(1).

44. As a direct and proximate result of Pavlis's willful infringing activities, Hydrafacial is entitled to recover Pavlis's unlawful profits and Hydrafacial's substantial damages under 15 U.S.C. § 1117(a).

45. Pavlis's infringement of the HYDRAFACIAL Marks is an exceptional case and is willful and ongoing, entitling Hydrafacial to treble the amount of its damages and profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

46. Hydrafacial is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## THIRD CLAIM
## CALIFORNIA TRADEMARK INFRINGEMENT
**(Cal. Bus. & Prof. Code §§ 14200 *et seq*.)**

47. Hydrafacial realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 34 of this Complaint.

48. Hydrafacial owns registered and common law rights in its HYDRAFACIAL Marks.

49. Pavlis's use of marks that are identical to the HYDRAFACIAL Marks in connection with offering services that overlap with services provided by Hydrafacial occurred without the consent of Hydrafacial.

50. Pavlis's willful infringement of the HYDRAFACIAL Marks is likely to cause, contribute to, or induce others to cause consumer confusion about the source of Pavlis's services and/or products, or about a relationship between Pavlis and Hydrafacial, in violation of California Business & Professions Code § 14200 *et seq.*

51. Pavlis infringed the HYDRAFACIAL Marks with knowledge and intent to cause confusion, mistake, and/or deception.

52. Pavlis's conduct is aggravated by the kind of willfulness, wantonness, malice, and conscious indifference to the rights and welfare of Hydrafacial for which California law allows the imposition of exemplary damages, in addition to recovery of Hydrafacial's significant compensatory damages.

53. Pursuant to California Business & Professions Code § 14200 *et seq.*,

Hydrafacial is entitled to injunctive relief and damages in the amount of three times Pavlis's profits and three times all damages suffered by Hydrafacial by reason of Pavlis's use, display, and sale of infringing goods and services.

## FOURTH CLAIM
## CALIFORNIA UNFAIR COMPETITION
### (Cal. Bus. & Prof. Code § 17200)

54. Hydrafacial realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 34 of this Complaint.

55. Pavlis's conduct as described in this Complaint constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code Section 17200.

56. As a consequence of Pavlis's actions, Hydrafacial is entitled to injunctive relief preventing the conduct alleged in this Complaint.

## PRAYER FOR JUDGMENT

WHEREFORE, Hydrafacial prays that this Court grant it the following relief:

1. Adjudge that the HYDRAFACIAL Marks have been infringed by Pavlis in violation of Hydrafacial's rights under common law, 15 U.S.C. § 1114, Cal. Bus. & Prof. Code §§ 14200 et seq., and/or California law;

2. Adjudge that Pavlis has competed unfairly with Hydrafacial in violation of Hydrafacial's rights under, 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code § 17200, and/or California law;

3. Adjudge that Pavlis and her agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with them, and/or any person(s) acting for, with, by, through or under them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a. Manufacturing, producing, sourcing, importing, exporting, selling, buying, offering for sale, distributing, licensing, advertising, or promoting any goods or services, using any words, symbols or designs that so resemble the HYDRAFACIAL Marks as to be likely to cause confusion, mistake or deception, on or in connection with any product that is not authorized by or for Hydrafacial;

b. Using any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Pavlis or its goods and services with Hydrafacial or as to the origin of Pavlis's goods or the products and methods used in Pavlis's services, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising;

c. Claiming trademark rights in Hydrafacial, or any other word, symbol, or design that is confusingly similar to the HYDRAFACIAL Marks, including by applying now or in the future for federal registration of trademarks comprising Hydrafacial, or any other word, symbol, or design that is similar to the HYDRAFACIAL Marks;

d. Further infringing the rights of Hydrafacial in and to any of its trademarks in its HYDRAFACIAL-branded methods, products, and services, or otherwise damaging Hydrafacial's goodwill or business reputation;

e. Otherwise competing unfairly with Hydrafacial in any manner; and

   f. Continuing to perform in any manner whatsoever any of the other acts described in this Complaint;

4. Adjudge that Pavlis, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon Hydrafacial's counsel a written report under oath setting forth in detail how she has complied with the judgment;

5. Adjudge that Hydrafacial recover from Pavlis its damages and lost profits, plus Pavlis's profits, in an amount to be proven at trial, as well as punitive damages, exemplary damages, and compensatory damages under federal and California law;

6. Adjudge that Pavlis be required to account for any profits that are attributable to her illegal acts, and that Hydrafacial be awarded from Pavlis (1) Pavlis's profits, and (2) all damages sustained by Hydrafacial under 15 U.S.C. § 1117, plus prejudgment interest;

7. Adjudge that the amounts awarded to Hydrafacial pursuant to 15 U.S.C. § 1117 shall be trebled;

8. Order an accounting of and impose a constructive trust on all of Pavlis's funds and assets that arise out of her infringing activities;

9. Adjudge that Hydrafacial be awarded its costs and disbursements incurred in connection with this action, including Hydrafacial's reasonable attorneys' fees and investigative expenses; and

10. Adjudge that all such other relief be awarded to Hydrafacial as this Court deems just and proper.

//
//
//
//
//
//

Dated: November 12, 2025      Respectfully submitted,

VERSO LAW GROUP LLP

By: */s/ Sophy Tabandeh*
Gregory S. Gilchrist
Amy Shahan Parigi
Sophy Tabandeh

Attorneys for Plaintiff
HYDRAFACIAL LLC

# **DEMAND FOR JURY TRIAL**

Hydrafacial LLC demands that this action be tried to a jury.

Dated:  November 12, 2025

Respectfully submitted,

VERSO LAW GROUP LLP

By: */s/ Sophy Tabandeh*
Gregory S. Gilchrist
Amy Shahan Parigi
Sophy J. Tabandeh

Attorneys for Plaintiff
HYDRAFACIAL LLC